# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

QIMONDA AG,

      Debtor in a Foreign Proceeding.

Case No. 09-14766-RGM
(Chapter 15)

## SUPPLEMENTAL ORDER

This case was before the court on July 22, 2009, on the petition of Dr. Michael Jaffé in his capacity as the foreign representative (the "Foreign Representative") of Qimonda AG for recognition of a foreign proceeding over Qimonda AG and the objections to it. The petition was granted, but in light of the matters raised, it is appropriate to grant further relief under 11 U.S.C. §1521. Upon consideration of which, it is

**ORDERED:**

1. U.S. Debtor Parties Carve Out.

    (a) Qimonda Richmond, LLC, Qimonda North America Corp. and the Official Committee of Unsecured Creditors of the U.S. Debtors (the "U.S. Debtor Parties") are granted relief from the automatic stay imposed by §362(a)(1) to proceed in the United States Bankruptcy Court of the District of Delaware to determine any right, obligation or claim they have against Qimonda AG, including, without limitation, the adversary proceeding entitled *The Official Committee of Unsecured Creditors et al v. Qimonda AG,* Case No. 09-51060-MFW, now pending in the Delaware Bankruptcy Court (the "IP Adversary").

    (b) Qimonda AG and the U.S. Debtor Parties consent to the jurisdiction of the

Delaware Bankrutcy Court for the matters set forth in this paragraph; provided, however, that Qimonda AG reserves the right to object or argue that any particular controversy between Qimonda AG and the U.S. Debtor Parties should be determined by a competent German court, rather than the Delaware Bankruptcy Court; provided, further, that nothing herein shall be deemed to be a waiver of the protections under, or a lifting of, the automatic stay arising under §362(a) of the Bankruptcy Code in the U.S. Debtors' chapter 11 cases.

    2.  <u>Authority of Foreign Representative.</u>

    (a)  The Foreign Representative shall be the sole and exclusive representative of Qimonda AG in the United States and shall administer the assets of Qimonda AG within the territorial jurisdiction of the United States.

    (b)  The Foreign Representative is hereby authorized to examine witnesses, take evidence, seek production of documents, and deliver information concerning the assets, affairs, rights, obligations or liabilities of Qimonda AG under the law of the United States, as such information is required in the German Proceedings; provided, however, the Foreign Representative may seek any of the foregoing from the U.S. Debtor Parties under Section 1521 of the Bankruptcy Code or otherwise but only upon notice and motion before the Delaware Bankruptcy Court, and subject to the right of parties in interest, including the U.S. Debtor Parties, to object.

    3. *In the Matter of Certain Semiconductor Integrated Circuits Using Tungsten Metallization, Inv. No. 337-TA-648.*  The applicability of 11 U.S.C. §362(b)(4) to this proceeding is taken under advisement.

    4.  <u>Additional Provisions Applicable in this Case.</u>  Pursuant to 11 U.S.C. §1521(a) and in addition to those sections made applicable pursuant to §1520, the following sections of title 11 of

the United States Code are also applicable in this proceeding: §§305-307, 342, 345, 349, 350, 364-366, 503, 504, 546, 551, 558. Notwithstanding the foregoing, the Foreign Representative's compensation shall be determined in accordance with applicable German or European law.

5. <u>Termination of Preliminary Injunction.</u> The Order Issuing Preliminary Injunction entered on the docket on July 2, 2009 (Docket Entry 36) terminates upon entry of this order; provided, however:

(a) The Debtor shall be bound by the United States International Trade Commission's ruling on the claim construction and the validity of the asserted patent, U.S. Patent No. 5,227,335 unless said ruling is reversed or otherwise modified by a court of competent jurisdiction.

(b) In the event the ITC issues an exclusion order in the LSI Action, this court, upon proper motion, may grant such further relief as may be appropriate.

6. <u>Service of Copy of Recognition Order.</u> The Foreign Representative shall serve a copy of the Recognition Order and this order by United States mail, first class postage prepaid, on all known creditors in the United States of whose address Qimonda AG or the Petitioner is aware (or their respective counsel) on or before July 29, 2009.

7. <u>Availability of Chapter 15 Pleadings.</u> The Foreign Representative shall make available all Chapter 15 Pleadings upon request to the Foreign Representative's U.S. counsel, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attention: Brett H. Miller and Todd M. Goren).

    Alexandria, Virginia
    July 22, 2009

                                      /s/Robert G. Mayer
                                      Robert G. Mayer
                                      United States Bankruptcy Judge

copies to:

Jeffrey A. Showalter
Robert H. Chappell, III
Dennis J. Early
Robert K. Coulter

15352